

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY FIELDS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:07-CV-694-A |
| | § | (NO. 4:04-CR-166-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Anthony Fields ("Fields") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed Fields's motion, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

On December 15, 2004, Fields was charged by superseding indictment with four counts: (1) possession of a schedule II controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A); (2) possession of a schedule II controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); (3) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). A jury found Fields guilty on all four counts on December 20, 2004, and on

April 1, 2005, the court sentenced him to an aggregate 300 months' incarceration, followed by a term supervised release on each count. The Fifth Circuit Court of Appeals affirmed Fields's conviction and sentence, and his petition for writ of certiorari was denied on November 13, 2006. Fields timely filed this § 2255 motion.

II.

Grounds of the Motion

Fields raises two grounds in his motion. First, he argues that his counsel was ineffective in failing to object to the makeup of the venire panel at his trial.[1] Second, Fields argues that his sentence is defective based on a purported intervening change in the law.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and

---

[1] In a separate ground for relief, Fields argues that counsel was also ineffective for failing to raise this issue on appeal. The court consolidates this ground with the ground described above because the analysis is identical.

2

"actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

## Analysis

To prevail on his ineffective assistance of counsel claims, Fields would have to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need

not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

Fields asserts that his trial counsel was ineffective in failing to properly object under Duren v. Missouri, 439 U.S. 357 (1979), that the venire panel did not represent a fair cross-section of the community since it contained only two African Americans. Duren held that, to establish a prima facie violation of the fair-cross-section requirement, a defendant must show:

> (1) [T]hat the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Id. at 364. Fields argues that counsel was ineffective in failing to raise this objection because "there is ample evidence that the selection process utilized in the North [sic] District of Texas, Fort Worth Division allowed a systematic exclusion of African-Americans in the jury selection process." Mot. at 7-8. Fields does not, however, adduce any of this "ample evidence" in support of his bald assertion,[2] and thorough review of the record reveals nothing that would support Fields's claim. Since

---

[2] Fields does state that the systematic exclusion of African Americans is "evidenced by the fact that of the venire panel in movant's case, only .5% of the panel was African-American. Whereas the African-American population for the District appoximates [sic] 30%." Mot. at 8. Fields cites nothing to support these figures, and two out of forty on his venire panel would be 5%, not .5%.

4

"failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness," Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998), Fields has failed to establish that he received ineffective assistance. See Strickland, 466 U.S. at 687.

Likewise, Fields is not entitled to any relief on his second ground. Fields argues that under Lopez v. Gonzales, 127 S. Ct. 625 (2006) (mem.), the court should have disregarded Fields's prior conviction at sentencing. However, as Fields concedes, "strict applicability of this case to the instant case is not appropriate," Mot. at 11, and Fields's attempt to apply the reasoning of Lopez to his case is unpersuasive.

V.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Anthony Fields to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED December 4, 2007.

_____
JOHN McBRYDE
United States District Judge